**McDONALD et al. v. KERSHAW, BUTLER, ENGINEERS, LIMITED et al.**

**ADAMS et al. v. H. K. FERGUSON CO.**

No. 12491.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1949.

Rehearing Denied April 4, 1949.

Crampton Harris, George S. Brown and Wade H. Morton, all of Birmingham, Ala., for appellants.

George P. Bondurant and Robert W. Smith, both of Birmingham, Ala., for appellees.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

These cases, consolidated for appeal, were brought by employees, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., as amended by the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., to recover overtime compensation, liquidated damages, and attorneys' fees.

Tried to the court without a jury on an agreed statement of facts, they resulted in final judgments for the defendants based on these conclusions: (1) that "Plaintiffs are not entitled to recover, pursuant to the provisions of Sec. 16(b) of the Fair Labor Standards Act of 1938;[1] Kennedy v. Silas Mason Co., 5 Cir., 164 F.2d 1016; St. Johns River Shipbuilding Co. v. Adams, 5 Cir. 164 F.2d 1012; Reed et al. v. Murphey et al., 5 Cir., 168 F.2d 257"; and (2) that "This action is barred by Sec. 9 of the Portal-to-Portal Act, 29 U.S.C.A. § 258".

Plaintiffs here as appellants, pointing out that the judgments in the Kennedy and Reed cases, on which the court below relied for the first conclusion, have been reversed and the causes remanded for trial anew, and urging that the court erred in its second conclusion that the Portal-to-Portal Act permitted recovery, are insisting that the judgments are wrong and must be reversed.

Appellees, contenting themselves, as the district judge did, with citing the three opinions he cited, seem to place their main reliance upon Sec. 9 of the Portal-to-Portal

[1] 29 U.S.C.A. § 216(b).

Act and the conclusion of the district judge that under it they were not liable.

At the threshold of our consideration of these appeals on their merits, we are confronted with Sec. 6 of the Agreed Statement of Facts on Appeal[2] and stipulations 1 and 2[3] as a supplementary record. An examination of them leaves us in no doubt that this is another of those ill fated attempts at shortcutting and truncating which, discussed at length in Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, resulted in the refusal of the Supreme Court, altogether in Kennedy's case and in part in Reed's case, to consider the appeals on their merits and their consequent reversal for full trial below.

This is so because they show that the causes were not submitted below on a record fully developing them and showing or tending to show as to plaintiffs either that they were or were not engaged in commerce or the production of goods for commerce, or they did or did not fall within any of the exemptions from the coverage of the act. On the contrary, it is stipulated: that none of the cases reached the point where the district court considered the question of whether the plaintiffs were engaged in commerce or the production of goods for commerce and were not within any of the exemptions from coverage; but that for the purpose only of obtaining a decision on whether the defendants were not liable (1) under the St. Johns River, Kennedy, and Reed cases, supra, or (2) under Section 9 of the Portal-to-Portal Act, it was assumed that they were.

It thus appears that instead of the causes being tried below on their merits as real causes, they were tried as hypostases. Putting up hypothetical causes for the purpose of obtaining an advisory or interlocutory opinion on the causes thus hypostatized, the parties in effect agreed that the opinion was to eventuate into final judgments for defendants if favorable to their contentions, but to remain advisory and interlocutory

---

[2] "None of the cases ever reached the point where the District Court considered the question of whether each of the plaintiffs was engaged in commerce or the production of goods for commerce as those terms are defined by the Fair Labor Standards Act of 1938, nor whether any of the plaintiffs fell within the exemptions from the coverage of the Fair Labor Standards Act as 'executive', 'administrative', or 'professional' employees as those terms are defined in the regulations of the Administrator of the Wage and Hour Division of the Department of Labor under the authority granted him in the Fair Labor Standards Act of 1938. These questions, upon the agreement of the parties, were held in abeyance pending the determination of the Court as to whether the defendants in each of the cases were entitled to prevail upon the defenses described in the succeeding paragraph."

[3] "Stipulation I

"It is agreed for the purpose of this stipulation, and for that purpose only, that the plaintiffs were engaged in commerce or the production of goods for commerce, within the meaning of the Fair Labor Standards Act unless the legal effect of the contract between the defendants and the Government, coupled with the actual method employed in the performance of the contract, operated to take the work of the plaintiffs out of commerce or the production of goods for commerce within the meaning of the Fair Labor Standards Act. In other words the defendants insist that neither they nor the plaintiffs, in the performance of their contract with the Government, were engaged in commerce or the production of goods for commerce within the meaning of the Fair Labor Standards Act, but if they be wrong in this contention they reserve the right to interpose all defenses which are or will be available to them under the provisions of the Fair Labor Standards Act and the Portal-to-Portal Act of 1947."

"Stipulation II

"It is agreed that the allegations of the complaint shall be considered as true for the purpose of first trying the issues based upon Section 9 of the said Act, but for that purpose only, and that the facts hereinafter set forth are those upon which the defendants rely and which the plaintiffs present in rebuttal. In other words, for the purposes of this stipulation only and without waiver on the part of the defendants it is assumed that all plaintiffs were employed in commerce or the production of goods for commerce and did not qualify for any of the exemptions from coverage under the Fair Labor Standards Act provided by the regulations of the Administrator of the Wage and Hour Division of the Department of Labor."

if unfavorable. The fact that defendants prevailed and judgment final in form was entered in their favor, from which plaintiffs have appealed, does not at all change the essentially hypothetical and interlocutory character of the opinion or judgment rendered so as to entitle the parties to another hypothetical opinion or judgment, this time from us.

If the judgments appealed from were in form, as they are in fact interlocutory, no one would contend that this court would have jurisdiction of an appeal from them.[4] The fact that for the purpose of the opinion sought below and here, it was assumed or hypothesized that plaintiffs were under the act if their employers were, does not change the substance of the matter that the cases were not tried and submitted on evidence or agreement as real causes are tried looking to a definitive final judgment at all events, but as hypostatized ones to obtain an advisory or interlocutory opinion.

The judgments are reversed and the causes are remanded for retrial and resubmission, this time not upon assumptions and hypotheses, but upon a showing of the real facts based upon a comprehensive and complete statement of agreed facts, or upon evidence, or upon both.

Reversed and remanded.

[4] Ernest C. Miles & Fred Werner, dba Aetna Aluminum Products v. Albert T. Matthews, et al., 5 Cir., 166 F.2d 1020; George v. Victor Talking Machine Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439.